IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY NATHANIEL ALLEN,  )<br>  )<br>Petitioner,  )<br>  )<br>vs.  )<br>  )<br>G. D. LEWIS, Warden,  )<br>  )<br>Respondent.  )<br>  )<br>_____  ) | No. C 11-4441 JSW (PR)<br><br>**ORDER TO FILE EXHIBITS OR AMENDED PETITION; LIFTING STAY; DENYING APPOINTMENT OF COUNSEL; ADMINISTRATIVELY REOPENING CASE**<br><br>(Docket No. 5) |

## INTRODUCTION

Petitioner, a prisoner of the State of California proceeding pro se, has filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging the constitutionality of his state court conviction. The petition was stayed to allow petitioner to exhaust two claims in state court. Petitioner has filed a motion for appointment of counsel in which he states that he has now exhausted those two claims and wishes to proceed with the instant case. For the reasons discussed below, Petitioner is directed to file the exhibits referenced in his petition or an amended petition, the stay is LIFTED, the case is administratively reopened, and the motion for appointment of counsel is DENIED.

## BACKGROUND

Petitioner was convicted in Alameda County Superior Court of first-degree murder with special circumstances and he was sentenced to prison for a term of life without

parole. In 2010, the California Court of Appeal affirmed the judgment on appeal, and the California Supreme Court denied a petition for review. Thereafter, petitioner filed a habeas petition in the California Supreme Court, which was pending when he filed the instant federal petition on September 7, 2011. The California Supreme Court denied the habeas petition in January 2012.[1]

## DISCUSSION

### I  Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

### II  Legal Claims

Petitioner makes seven claims on his form petition by reference to purportedly attached exhibits. No exhibits were attached to his petition, however, so the Court cannot discern what all of his claims are meant to be. For example, a number of his claims are for a violation of his right to due process, but he states that his exhibits set forth how his right to due process was violated. Without the exhibits, it cannot be determined whether or not he states a cognizable claim for relief.

### III.  Motion for Appointment of Counsel

As Petitioner has presented his claims adequately and they are not particularly complex, the interests of justice do not require appointment of counsel at this stage of the case. Petitioner's motion may, however, be renewed at a later stage of the case -- if, for

---

[1] Good cause appearing, Petitioner's failure to seek to reopen the instant case within 30 days of the date the California Supreme Court denied his habeas petition is excused.

instance, an evidentiary hearing becomes necessary.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. The motion for appointment of counsel (docket number 5) is DENIED.

2. Within *thirty (30) days of the date this order is filed,* Petitioner shall file the exhibits referenced in his petition or an amended petition that sets forth cognizable claims.  The exhibits or amended petition must include the caption and civil case number used in this order, No. C 11-4441 JSW (PR), and if the files an amended petition, it shall include the words "COURT-ORDERED FIRST AMENDED PETITION" on the first page.  Also, because an amended petition completely replaces the original petition, *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), Petitioner may not incorporate into any amended petition material from the original petition by reference.  <u>Failure to file the exhibits or an amended petition within the designated time and in accordance with this order will result in the dismissal of this action without prejudice</u>.

3. The stay is LIFTED.  The Clerk shall administratively reopen the file.

IT IS SO ORDERED.

DATED: <u>April 26, 2012</u>

JEFFREY S. WHITE  
United States District Judge

3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

TIMOTHY NATHANIEL ALLEN,

        Plaintiff,

  v.

GREG LEWIS et al,

        Defendant.

Case Number: CV11-04441 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 26, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Timothy Nathaniel Allen G-41162
SVSP
P.O. Box 1050
Soledad, CA 93960

Dated: April 26, 2012

*Jennifer Ottolini*
Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk