IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY NATHANIEL ALLEN,<br><br>    Petitioner,<br><br>  vs.<br><br>G. D. LEWIS, Warden,<br><br>    Respondent. | No. C 11-4441 JSW (PR)<br><br>**ORDER TO SHOW CAUSE;**<br>**GRANTING EXTENSION OF TIME;**<br>**DENYING IN FORMA PAUPERIS**<br>**MOTIONS**<br><br>(Docket Nos. 11, 13, 14) |

## INTRODUCTION

Petitioner, a prisoner of the State of California proceeding pro se, has filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging the constitutionality of his state court conviction. The petition was dismissed with leave to amend, and Petitioner filed a timely amended complaint. For the reasons discussed below, Respondent is ordered to show cause why the petition should not be granted and the pending motions are addressed.

## BACKGROUND

Petitioner was convicted in Alameda County Superior Court of first-degree murder with special circumstances and he was sentenced to prison for a term of life without parole. In 2010, the California Court of Appeal affirmed the judgment on appeal, and the California Supreme Court denied a petition for review. Thereafter, petitioner filed a

habeas petition in the California Supreme Court, which was pending when he filed the instant federal petition on September 7, 2011. The California Supreme Court denied the habeas petition in January 2012.[1]

## DISCUSSION

I    Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

II    Legal Claims

Petitioner claims: (1) that his rights under *Miranda v. Arizona* were violated; (2) that the admission of a second interview of Petitioner into evidence violated his right to due process; (3) that erroneous jury instructions pertaining to the special circumstances of a drive-by shooting violated his right to due process; (4) that the cumulative effect of numerous errors violated his right to due process; (5) that the length of his sentence violated his rights to due process, equal protections, and to be free from cruel and unusual punishment; (6) that he received ineffective assistance of counsel at trial; and (7) that he received ineffective assistance of counsel on appeal. When liberally construed, these claims are cognizable.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. The Clerk shall serve by certified mail a copy of this order and the petition, and

---

[1] Good cause appearing, Petitioner's failure to seek to reopen the instant case within 30 days of the date the California Supreme Court denied his habeas petition is excused.

all attachments thereto, on Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk also shall serve a copy of this order on Petitioner.

2. Respondent shall file with the Court and serve on Petitioner, within **ninety (90)** days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the claims in the petition that have been found cognizable herein. If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty (30)** days of the date the answer is filed.

3. Respondent may, within **ninety (90) days**, file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **thirty (30)** days of the date the motion is filed, and Respondent shall file with the Court and serve on Petitioner a reply within **fifteen (15)** days of the date any opposition is filed.

4. It is Petitioner's responsibility to prosecute this case. Petitioner must keep the Court informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

//

//

5. The motion for an extension of time (docket number 11) is GRANTED. The

3

motions for leave to proceed in forma pauperis (docket numbers 13, 14) are DENIED as unnecessary.

IT IS SO ORDERED.

DATED: September 25, 2012

JEFFREY S. WHITE
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE

NORTHERN DISTRICT OF CALIFORNIA

TIMOTHY NATHANIEL ALLEN,

    Plaintiff,

v.

GREG LEWIS et al,

    Defendant.

Case Number: CV11-04441 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 25, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Timothy Nathaniel Allen G-41162
Pelican Bay State Prison
P.O. Box 7500
Crescent City, CA 95531

Dated: September 25, 2012

*Jennifer Ottolini*
Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk

5